IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 5:18-CV-572-FL

| | | |
|---|---|---|
| VETERANS FLOORING GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAROTHERS CONSTRUCTION, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant Carothers Construction, Inc.'s ("Carothers") motion to stay proceedings and compel arbitration, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., or in the alternative to transfer the case to the United States District Court for the Southern District of Mississippi. (DE 3). Plaintiff filed a response consenting to the motion to compel arbitration but opposing transfer to the Southern District of Mississippi. In this posture, the issues presented are ripe for ruling. For reasons noted, defendant's motion to stay proceedings and compel arbitration is granted, and defendant's alternative motion to transfer the case to the United States District Court for the Southern District of Mississippi is denied.

**BACKGROUND**

Plaintiff commenced suit in Cumberland County Superior Court on November 7, 2018. Plaintiff is a subcontractor who provides commercial and residential construction and repair services. Defendant is a general contractor who hired plaintiff for in installation of flooring and other related labor and materials as specified in their subcontract, and through change orders. Plaintiff sues for payments on the contract that it claims defendant owed but never paid to plaintiff,

or alternatively for the reasonable value of the goods and services provided to defendant.

Defendant removed the case to this court on November 28, 2018, and filed in the instant motion to compel arbitration. In support of its motion, defendant files the Declaration of Ray Boggs (Boggs Decl. (DE 4-1)), and the parties' subcontract ("Subcontract" (DE 4-2)). Defendant argues that the subcontract contains a binding arbitration clause in Section 19 of the subcontract, which provides "all claims disputes and other matters in controversy between the Contractor and the Subcontractor arising out of or relating to this Subcontract shall be decided by binding arbitration. . . . The locale for any arbitration or litigation involving the Subcontractor and the Contractor shall be Jackson, Mississippi. . . ." (Subcontract (DE 4-2) § 19). Defendant further argues that plaintiff disregarded the arbitration clause in the contract, and that the court should enforce the arbitration clause pursuant to the FAA and stay proceedings in this case. Finally, defendant raises the issue of whether the court has authority under the FAA to compel arbitration, since the arbitration clause requires proceedings be held in Mississippi. Defendant argues that, should the court find that it lacks authority to compel arbitration, it should transfer the case.

Plaintiff filed its response to the motion. Plaintiff consents to defendant's motion to compel arbitration and stay proceedings, but opposes the motion to transfer the case. Plaintiff argues that the court has jurisdiction over the parties and authority by law to grant defendant's motion to compel arbitration.

## DISCUSSION

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition" the court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. "If any suit or proceeding be

or alternatively for the reasonable value of the goods and services provided to defendant.

Defendant removed the case to this court on November 28, 2018, and filed in the instant motion to compel arbitration. In support of its motion, defendant files the Declaration of Ray Boggs (Boggs Decl. (DE 4-1)), and the parties' subcontract ("Subcontract" (DE 4-2)). Defendant argues that the subcontract contains a binding arbitration clause in Section 19 of the subcontract, which provides "all claims disputes and other matters in controversy between the Contractor and the Subcontractor arising out of or relating to this Subcontract shall be decided by binding arbitration. . . . The locale for any arbitration or litigation involving the Subcontractor and the Contractor shall be Jackson, Mississippi. . . ." (Subcontract (DE 4-2) § 19). Defendant further argues that plaintiff disregarded the arbitration clause in the contract, and that the court should enforce the arbitration clause pursuant to the FAA and stay proceedings in this case. Finally, defendant raises the issue of whether the court has authority under the FAA to compel arbitration, since the arbitration clause requires proceedings be held in Mississippi. Defendant argues that, should the court find that it lacks authority to compel arbitration, it should transfer the case.

Plaintiff filed its response to the motion. Plaintiff consents to defendant's motion to compel arbitration and stay proceedings, but opposes the motion to transfer the case. Plaintiff argues that the court has jurisdiction over the parties and authority by law to grant defendant's motion to compel arbitration.

## DISCUSSION

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition" the court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. "If any suit or proceeding be

brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

Here, plaintiff agreed to arbitrate "all claims disputes and other matters in controversy between the Contractor and the Subcontractor arising out of or relating to this Subcontract shall be decided by binding arbitration," pursuant to its subcontract with defendant. (Subcontract (DE 4-2) § 19). Plaintiff's complaint seeks to recover damages arising out of or relating to its Subcontract with defendant. (See Compl. (DE 1-2) ¶¶ 7-13). Plaintiff consents to defendant's motion to stay proceedings and compel arbitration as set forth in the Subcontract. (See DE 12).

Because plaintiff did not submit its claims to arbitration, because all of plaintiff's claims in this lawsuit are arbitrable, and because the parties agree arbitration is appropriate in this matter, defendant is entitled to an order compelling arbitration as set forth under the agreement and staying proceedings pending outcome of arbitration. Having granted defendant's motion to compel arbitration and stay the case, the court denies defendant's alternative motion to transfer the case.[1]

## CONCLUSION

Based on the foregoing, defendant's motion to compel arbitration and stay proceedings (DE 3) is GRANTED. Defendant's alternative motion to transfer the case to the United States District Court for the Southern District of Mississippi (DE 3) is DENIED. The clerk is DIRECTED to

---

[1]Defendant argues that there is split authority on whether or not the court has the authority under 9 U.S.C. § 4 to compel arbitration proceedings outside this district. The court does not reach these arguments because, in this posture, both parties have consented to arbitration in this matter pursuant to the terms of their Subcontract. (See DE 3, 12).

STAY this action pending arbitration. The parties are DIRECTED to file a joint status report within **180 days** of the date of this order, and every **180 days** thereafter until arbitration is completed, providing a summary of the status of arbitration proceedings.

SO ORDERED, this the 14th day of January, 2019.

LOUISE W. FLANAGAN
United States District Judge